[A.]

CANNON *vs.* COPELAND, Adm'r, et al.

[BILL IN EQUITY BY SURVIVING PARTNER, FOR ACCOUNT AND CONTRIBUTION
WITH ADMINISTRATOR AND HEIRS OF DECEASED PARTNER.]

1. *Misjoinder of parties; when administrator and heirs of decedent are
proper parties defendant to bill in chancery.*—There is not a misjoinder
of parties, when the administrator and heirs of a deceased partner are
made parties defendant to a bill in chancery, for account and contri-
bution, by the surviving partner, if the estate of decedent is composed
in part, or whole, of real property.
2. *Surviving partner, right of, to account with estate of deceased partner;
when barred by statute of limitations, or of non-claim.*—The right of a
surviving partner to an account in chancery, with estate of a deceased
partner, is not barred by the statute of non-claim, or of limitations, if
one of the items of his account of the settlement of the partnership is
within the period of limitations.

Appeal from the Chancery Court of Barbour.
Heard before the Hon. N. W. Cocke.

The facts are set out in the opinion.

STONE, CLOPTON & CLANTON, F. M. WOOD, and PUGH & BAKER, for appellant.

SHORTER & BROTHER, and J. T. HOLTZCLAW, *contra.*—1. The bills shows the death of Copeland in 1859, and that the claim set forth in the exhibits were not presented to the administrator until March, 1867 ; seeking to charge an estate, the bill should show affirmatively that the claim is just and not obnoxious to any defense which the law gives to the administrator.

2. It appearing by the bill that eight years had elapsed after the death, before the presentation of the claim, will not this court presume that it was brought to the knowledge of the court below, that the statute of non-claim had intervened, especially as the decision of the chancellor was based upon that fact? Will not the rule of presuming everything in favor of the ruling of the inferior court cover this case?

As to the statute of non-claim, see 17 Ala. 291, and cases, that it is available in equity by demurrer.—See *Ragland, Ex'r, v. Martin,* June term, 1867, in manuscript.

4. There is no equity in the bill; any claim that complainant has, could be enforced at law.

5. The demurrer of respondent was well taken as to the misjoinder of parties, and would, of itself, been fatal upon the submission before the chancellor.

6. The answer was filed without oath, and so accepted by complainant; that answer denies the indebtedness, and must be taken as true. There is, therefore, no error of which the appellant can complain, as, upon the submission, the chancellor could have decreed finally upon the merits in favor of respondents.—Code, 3352.

7. The bill should show affirmatively, that the claim is not obnoxious to either the statute of limitations or non-claim.

B. F. SAFFOLD, J.—The bill of the appellant, in the chancery court, charges that he and John N. Copeland were partners, as merchants, from 1852 to July 20th, 1859, when Copeland died ; that at the time, the partnership was in debt to the amount of $71,592 50, and the assets were

about $30,713 72; that after exhausting the assets, he had paid $45,092 52 in extinguishment of the debts of the firm, half of which amount he claims as contribution from the estate of his deceased partner. The administrator and the heirs of Copeland are made parties defendant, and the relief sought is, that an account of the partnership may be taken, and the administrator be required to pay him whatever may be found due; and in default of payment, that so much of the estate of Copeland as may be necessary, be sold, and payment made out of the proceeds.

The bill is demurred to, and the reasons specified are misjoinder of parties, the statute of non-claim, and the statute of limitations.

The chancellor dismissed the bill on the ground that the demand was barred by the statute of non-claim. There is not a misjoinder of parties. The bill asked for on account, between the appellant and the estate of his deceased partner. The administrator was necessarily a party. It was alleged, that the greater part of the decedent's estate consisted of real property. For this reason, the heirs were proper, if not indispensable, parties.

The settlement of the partnership business extended from 1859 to July, 1866, and the bill was filed in May, 1867. The transcript no where shows when letters of administration were issued. It does not appear, even by implication, in any part of the record.

The claims of a surviving partner against the estate of his deceased partner, are to be treated in the same manner as the claims of the other creditors.—Collyer on Partnership, p. 300. His right to contribution does not accrue until he has exhausted the assets, and paid more of the debts than the assets amounted to. The extent of his claim to contribution can not be ascertained until the partnership liabilities are discharged. The administration of the partnership business, is an open account between him and the estate of his deceased partner, and the statute of limitation and of non-claim begin to run from the last item of the account. There is no hardship in this. The representatives of the deceased partner may proceed against the survivor for an account, if he delays unneces-

sarily, and may have a receiver appointed, if he be ineffi-cient or unworthy.

It was held by this court, in *Bradford v. Spyker's Adm'r*, 32 Ala. 134, that accounts between the several members of a mercantile partnership, unless the items are all on one side, are mutual accounts not barred by the statute, if one item is within the period of limitation. In that case, how-ever, the item of debit and credit relied on to avoid the bar, occurred after the commencement of the suit. The decision of the court was based on the ground that items within the period of limitation imply a promise, and that the cause of action must be complete at the commence-ment of the suit. No matter what may be the reason, section 2904 of the Revised Code, enacts that the time shall be computed from the last item of an open or un-liquidated account, when no other time is fixed by custom or usage.

The decree of the chancery court is reversed, and the cause remanded. The costs of this court, and the court below, must be paid by the appellees, out of the estate of the decedent.