[Coxe *et al.* v. Huntsville Gas Light Co.]

# Coxe *et al* v. Huntsville Gas Light Co.

106  373
s129  500

*Bill in Equity for an Accounting.*

1. *Right of corporation to an accounting from an officer; statute of limitation.*—The right of a corporation to require an accounting from its president, who was also its general manager and controlled and managed all its affairs, and who had occupied such position for many years, can not be barred by the statute of limitations, when it is shown that the failure to assert the right sooner was due to the refusal of said officer to allow an examination of the books of said company, and to his deception and misrepresentation as to the condition of the corporate affairs.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on May 16, 1892, by the Huntsville Gas Light Co., the appellee, against the appellants, Robert E. Coxe and Macgrane Coxe. The averments of the bill, and the purposes for which it was filed, are sufficiently stated in the opinion.

In the 32d paragraph of the bill, the complainant alleges, that the respondent, Robert E. Coxe, defrauded the complainant corporation, by selling to them a lot for $1,470, for which he gave only $175, and that a deed was executed by Robert E. Coxe on January 1, 1872. This paragraph further avers that the lot was purchased at the said price by resolution of the board of directors, and further avers the particulars of the purchase. The respondents demurred to the bill, on the grounds : 1st. That the claims set up in said bill were stale and barred by the lapse of time. 2d. That it appears from the bill that it was filed without authority; the meeting of the directors giving the alleged authority being illegally called and unauthorized. 3d. That the bill was not filed by the stockholders of the complainant company, but by a certain number of persons representing a minority of the stockholders. The respondents demurred to the 32d paragraph of the bill, 1st, because it shows that the claims set up therein against the respondent, R. E. Coxe, were barred by the statute of limitations of ten

years; and, 2d, that the said claims were barred by the lapse of twenty years.

On the submission of the cause, the chancellor overruled the demurrer ; and decreed that the complainant was entitled to the relief prayed for, and ordered a reference before the register.    The respondents appeal, and assign this decree as error.

R. C. BRICKELL, W. A. GUNTER and D. D. SHELBY, for appellant.—The respondent's plea to the statute of limitations should have been sustained, as they presented a bar to the maintenance of complainant's suit.—*Marks v. Cowles*, 61 Ala. 307; *Shorter v. Frazer*, 64 Ala. 74; *McArthur v. Carrie*, 32 Ala. 75 ; *Clarke v. Boorman*, 18 Wall. 493 ; *Harrison v. Heflin*, 54 Ala. 552.

R. W. WALKER and HUMES, SHEFFEY & SPEAKE, *contra*.—Coxe's relation with the complainant as its president was continuing, up to the time the bill was filed, and it still continues.    It he had ceased to be president before the bill was filed, the statute of limitations might have run in his favor from the date of the last entry on the account kept between him and the company.    There are authorities to that effect ; but such cases do not deal with the effect of the statute of limitations upon the doings of officers so long as they continue in office.  Coxe's position as president was a continuing trust. His relation to the company is similar to that of a partner to his firm, so long as the partnership continues.    The statute of limitations does not run against a partner's right to an accounting and settlement, until actual dissolution, or from the last credit, or other like partnership transaction, on account between the partners.    The statute will not run so long as the partner admits the trust as continuing.—*Williams v. McKay*, 40 N. J. Eq. 189; *Haynes v. Short*, 88 Ala. 562; *Causler v. Wharton*, 62 Ala. 358; *Warren v. Holbrook*, 35 Amer. St. Rep. 554.

COLEMAN, J.—The principal purpose of the present bill was to obtain an accounting from Robert E. Coxe, the president of the complainant corporation, the Gas Light Company.    The averments of the bill show that he was elected its president about the year 1870, and has been continued in office as its president ever since, and

was such at the filing of the bill. It shows that during all of this period he has virtually controlled the management of the business, received all its income, and made all disbursements. The bill specifies many items claimed as credits by Robert E. Coxe, which are averred to have been entered by him without authority and which are wrong and fraudulent. These items begin with a sale by its president of a lot to the company in the year 1870, and continue at intervals during the entire period of his presidency, and aggregate a large amount. The respondents answered the several averments of the bill, and filed pleas and demurred to the bill, assigning several grounds of demurrer. The cause was submitted for decree upon the bill, exhibits, answers, pleas and demurrers, and testimony. The court decreed that "the demurrers and pleas to the bill be overruled, and that complainant is entitled to the relief prayed." The court ordered the register to state an account, from the date when he first became president, to the time of the filing of the bill, "charging him on such accounting with all amounts with which he is justly and properly chargeable, and giving him credits for all amounts for which he is justly and legally entitled to credit." The pleas are in the following language : "And respondent pleads that the several claims set up in said bill are barred by the statute of limitations of three years ; and that they are barred by the statute of limitations of six years ; and that they are barred by the statute of limitations of ten years ; and that they are barred by the lapse of twenty years ; and that the said claims severally are barred by the lapse of time." The several pleas setting up separately the different statutes of limitations are pleaded in defense to all the averments of the bill, and in bar of any recovery. Manifestly when considered in reference to the bill, its purpose, which is for an accounting, and many specified items of alleged improper credits, they do not present a complete bar. The respondent, R. E. Coxe, is not merely a director clothed with the authority of, and responsible for the duties which ordinarily attach to, the office of a director. The bills avers that he was its president, that he governed and controlled its management, and received and disbursed all its moneys, kept its books, and withheld them from the directors, and by evasion, deception and

[Coxe *et al.* v. Huntsville Gas Light Co.]

refusal, prevented an examination, until but recently, before the filing of the bill, when, for the first time, it was ascertained, that he was illegally and wrongfully absorbing the income for his own emolument, by improper and unauthorized credits. We are satisfied from the evidence that a failure to examine the books in the year 1878, was due to his own conduct and representations, and that the directors were lulled into a feeling of security by his representations as to the condition of the corporate affairs. We are of opinion that he occupied a fiduciary relation, partaking sufficiently of the nature of a trustee, to require him to deal fairly and openly with the corporation and directors in all his fiduciary duties; and in so far as they were lulled into non-action, from a reliance upon his statements, and his failure to disclose the fact that he was claiming credits not authorized by the directors, of which he knew they were ignorant, he cannot escape liability under the shelter of the statute of limitations.

The facts show that the bill was filed by the authority of the directors. If the original resolution directing this suit, was not spread upon the minutes, the fault was with the respondent, Robert E. Coxe. We do not understand the final decree, or the order of reference, as adjudicating any particular charge or item. The decree determines that the bill was filed by proper authority, that the complainant is entitled to an accounting, that the pleas of the several statutes of limitation did not answer the bill. The answer denies in detail that any improper credits were claimed. Whether the complainant will sustain the averments of the bill, as to the improper credits claimed, depends upon the proof offered at the holding of the reference. The rulings of the court upon the report of the register, sustaining or overruling exceptions thereto, if any are reserved, will furnish the basis for an appeal to this court for its revision of the allowance or disallowance of any item of the account as stated on the reference. The instructions to the register are very general. He is directed to charge the respondent with all amounts that he is justly chargeable with, and allow him credit for all amounts that he is legally entitled to. It is simply a decree for an accounting without further adjudication as to any particular claim or item.

[Kennebrew v. Southern Automatic Electric Shock Machine
Company.]

While we are of opinion that the statutes of limitations
do not bar an accounting under the facts disclosed in
the bill, we do not wish to be understood as holding,
that a claim may not become stale, and a party denied
relief, on account of long delay and negligence in not
sooner asserting the right. The court has made no
ruling on the charge contained in the 32d paragraph of
the bill, and we cannot anticipate the order of the court,
but the misconduct here averred may stand on a differ-
ent footing from the others. The directors in 1870, by
resolution, authorized the purchase and payment of a
stipulated price for this lot. They were not ignorant of
the amount to be paid, and the evidence may disclose
the fact that the wrong here averred was in fact known
to complainants, so long before the filing of the bill, as
to subject the claim to the charge of staleness. The an-
swer not only denies all breach of fiduciary duty averred
in paragraph 32, but relies also upon the staleness of
the demand.

We find no error in the record.

Affirmed.

BRICKELL, C. J., not sitting.