(17 Misc. Rep. 718)

In re ELIAS et al.

(Supreme Court, Special Term, New York County. August, 1896.)

CORPORATIONS—ELIGIBILITY OF DIRECTORS—HOLDING STOCK IN TRUST.

In a summary proceeding, under section 27 of the general corporation law, to vacate the corporate election of directors, so far as concerned the election of the respondent, S., it appeared that S. was one of two trustees of an estate which held the majority of the stock; that, although the legal title to five shares was in his individual name, he had no beneficial ownership in them until the day after the election; that he voted on the estate stock for himself as a director, against the protests of his co-trustee, thereby disfranchising the estate stock, and placing the control of the election in the hands of the minority, who elected him a director and president of the corporation. *Held* that, under section 20 of the corporation law, the respondent was ineligible to election as a director; that the policy of the corporation law is to require the beneficial ownership, as well as the legal title to stock, to qualify a director; that the respondent, as trustee, was guilty of a breach of trust in voting for himself and thereby disfranchising the stock, and that he would not be permitted to derive personal profit from the abuse of his trust; that the election, so far as concerns the respondent, should be vacated.

(Syllabus by the Court.)

Proceeding to determine whether William Elias was lawfully elected a director of the Henry Elias Brewing Company.

Henry Elias died in 1888. The petitioner, Catherine Elias, his widow, and the respondent, Edward Schweyer, are the surviving trustees under his will. The petitioner William Elias is his son. The testator owned at the time of his death a majority of the stock of the Henry Elias Brewing Company. His trustees were authorized to continue to hold this stock, and were given unusual powers as to its disposition, with the discretion either to give to the petitioner William Elias his share of the estate when he reached the age of 25, or to withhold it from him so long as they saw fit, meantime paying him the income. The trustees still hold a majority of the stock, of the par value of about $250,000, and of the estimated market value of about $750,000. The petitioners objected to the respondent voting for himself upon the estate stock at the last election. The stock was disfranchised because of the ballot of the respondent containing his name, while that of his co-trustee contained another name. In that way the minority controlled the election.

Guggenheimer, Untermyer & Marshall (Samuel Untermyer, of counsel), for petitioners.

Deyo, Duer & Bauerdorf (Robert E. Deyo, of counsel), opposed.

PRYOR, J. In a summary proceeding, pursuant to section 27 of the general corporation law (Laws 1892, c. 687), I am to determine whether the respondent, Schweyer, was duly elected a director of the Henry Elias Brewing Company. If the respondent was disqualified for the office, his election is a nullity. In re Newcomb (Sup.) 18 N. Y. Supp. 16. And whether he was eligible depends upon the construction of section 20 of the stock corporation law, providing that "the directors of every stock corporation shall be chosen from the stockholders, * * * and if a director shall cease to be a stockholder his office shall become vacant." Thus the qualification attaches to the election of the officer, as well as to the incumbency of the office. State v. Van Beek (Iowa) 54 N. W. 525. In the present proceeding the court is not concluded by the respondent's apparent title to the stock, but may institute an inquiry as to his real right

and relation to the company. Strong v. Smith, 15 Hun, 222. At the time of his election the respondent held a registered certificate for five shares of stock, but the undisputed fact is that he was not then, in any sense, its beneficial owner. He bought and paid for it after the election. Hence the question is, does the possession of the bare legal title to stock, taken for the purpose of qualifying one to be a director, constitute him a stockholder, within the intent of the statute prescribing the condition of eligibility to corporate office? It has been held, I know, that the mere titular property in stock suffices to qualify the holder as a voter; and well enough, perhaps, because such communication of title may be the equivalent of a proxy from the owner. In the one case as in the other it may be said that the holder votes by right and representation of the owner; but eligibility to office is a personal attribute, and not a quality subsisting by delegation. But, whatever the rule elsewhere, in this state the question whether a nominal property in stock gives the right to vote at a corporate election must be solved by construction of our own statute. Now, the section 20 of the general corporation law, which regulates the exercise of a stockholder's suffrage, twice employs the term "own" to designate the relation of the voter to the stock. Similarly, by section 22, a voter, when challenged, must make oath that the stock is "still owned by me," and, if a proxy, must swear that the stock "is truly and in good faith vested in the person in whose name it stands." Upon the terms of the statute, therefore, I should conclude, were the matter before me for adjudication, that, except in the case of representation, some actual, beneficial interest in the stock is requisite to the right to vote upon it. If, then, the policy of the law be that none, without a stake in the enterprise, shall vote for corporate officers, how much more obvious and imperative the policy that those officers shall have an interest in the welfare of the company! The fate of the corporation is in the hands of its board of directors, and I cannot conceive that the legislature meant to commit its interest to men to whom its miscarriage or success is a matter of indifference. The requirement that a director be a stockholder "manifests that it was the policy of the legislature that the management of the affairs of a corporation should be committed to those having a personal, pecuniary interest in its success or failure; otherwise the provision is without reason." Bank v. Colwell, 132 N. Y. 250, 256, 30 N. E. 644. As the respondent at the time of the election held only the legal title, in formal compliance with the statutory provision, but without any proprietary or beneficial interest in the stock, he was ineligible to the office of director. Bartholomew v. Bentley, 1 Ohio St. 37.

Upon another ground, still, this election should be set aside. The respondent, "as trustee, owes the duty of active management for the protection and preservation of the trust estate. When that consists of stock in a corporation, the duty of voting at elections of directors thereof is too plain for argument." In re Ferry Co., 63 Barb. 556, 572. Nevertheless, he persisted in casting a ballot for himself, —in itself an opposition of personal interest to fiduciary obligation; and this he did for the undisguised purpose of nullifying the influence

of the trust stock in the choice of directors, and with the effect of devolving the administration of the corporate affairs on the minority interest. By so manipulating the election he leaves the estate of which he is trustee, although a majority in amount of stock, without a voice in the councils of the company, and grasps for himself the presidency, with all its power of control and opportunity for emolument. It is a mockery for the respondent to affect to represent the trust stock in the corporate administration. Its vote did not make him director. On the contrary, he became director by deliberately disfranchising that vote. He occupies the position against the protest of the beneficiaries of his trust, and he occupies it for his own aggrandizement. It must be owned that the respondent has exhibited no ordinary skill and enterprise in the conquest of this corporation. "It is the law of joint-stock corporations that a majority of the stockholders in interest shall control in the election of the officers of a company, and in its management." People v. Railroad Co., 55 Barb. 345. And yet, without a share of stock or any individual interest whatever in the corporation, the respondent contrived to usurp absolute dominion over it, conducts it in defiance of the will of the majority, and has so intrenched himself in his position that only the extreme energies of the law are adequate to dislodge him. The founder of this establishment left it a heritage to his family, but, to their utter exclusion, it is seized upon by a stranger in blood and interest, and its control appropriated as his private perquisite. The spectacle is revolting to the sense of justice. Election vacated.