180 So. 582

### GREENLEAF v. PROFILE COTTON MILLS.

7 Div. 497.

Supreme Court of Alabama.

April 14, 1938.

Jas. F. Matthews, of Anniston, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, and Martin, Turner & McWhorter, of Birmingham, for appellee.

ANDERSON, Chief Justice.

It is unquestionably the rule in this state that where a bill in equity, as distinguished from a complaint at law, discloses on its face that the relief sought is barred by the statutes of limitations or laches, the same is subject to demurrer. But the question here is, Does the present bill disclose limitations or laches as would cut off the complainant's right to the relief sought?

The bill charges that the respondent, Greenleaf, was continuously president and general manager of the corporation for a number of years up to April, 1934, just two years before the filing of the bill, with the exception of a few months when the corporation was in the hands of a receiver, the respondent being the receiver. The bill also charges that the said Greenleaf, as the president of the corporation, had complete control and management of same and dominated and influenced the directors and was, in effect, the alter ego of the corporation—that the said Greenleaf was guilty of malfeasance while acting as the general manager and trustee of the corporation, appropriated or caused to be appropriated to his personal use funds of the corporation, and seeks an accounting of same.

We think the averments of the bill bring it within the influence of Coxe et al. v. Huntsville Gas Light Co., 106 Ala. 373, 17 So. 626; Mobile Land Improvement Co. v. Gass, 142 Ala. 520, 39 So. 229; Montgomery Light Co. et al. v. Lahey et al., 121

Ala. 131, 25 So. 1006; Adams et al. v. Alabama Lime & Stone Corporation, 221 Ala. 10, 127 So. 544; Williams v. Reilly, 41 N. J.Eq. 137, 3 A. 692.

True, the bill does not expressly negative knowledge of the misconduct at the time of each and all of the infractions, but the facts averred show that its means of acquiring the knowledge were through the respondent who is charged with the wrongs and derelictions. In other words, limitations or laches could not be charged to this complainant so long as the respondent's relation with it existed and which was not terminated until 1934.

There is, in the last part of the opinion, in Montgomery Light Co. et al. v. Lahey et al., supra, an expression that indicates that the items were separable, those of over six years would be barred, but those less than six years old would not be barred. This, however, was mere dictum and arguendo, a mere concession, that if some of the items might be barred by six years, there were others within six years which would save the bill. It will be noted that the case was reversed only as to demurrers 7 and 8 which did not deal with limitations or laches.

The trial court did not err in overruling the demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.