180 So. 583

**JACKSONVILLE PUBLIC SERVICE COR-PORATION et als. v. PROFILE COTTON MILLS.**

7 Div. 496.

Supreme Court of Alabama.

April 14, 1938.

Jas. F. Matthews, of Anniston, for appellants.

Knox, Acker, Sterne & Liles, of Anniston, and Martin, Turner & McWhorter, of Birmingham, for appellee.

**THOMAS, Justice.**

The bill was for accounting of mutual accounts between the Profile Cotton Mills, plaintiff-appellee, and the Jacksonville Public Service Corporation, for the cancellation of a note purportedly issued by appellee to the Jacksonville Public Service Corporation (hereinafter referred to as the Jacksonville Corporation) for declaration of a resulting trust in favor of appellee with respect to certain properties of the Jacksonville Corporation and Jacksonville City Water Works (referred to hereinafter as the water works company) and/or with respect to the stock of such companies paid for with the funds of appellee. The bill also avers that a discovery is necessary in aid of its averments as to the resulting trust sought to be imposed.

The bill shows that from May, 1920, to April 28, 1934 (except for a short period when Profile Cotton Mills was in receivership), the defendant W. I. Greenleaf absolutely dominated and controlled the business and affairs of all three corporate parties; that the affairs of these corporations were conducted as a single business, the properties of the water works company being used and operated by and under the name of the Jacksonville Corporation and the Jacksonville Corporation being operated as a department of Profile Mills; that all the funds for the conduct of the business of the Jacksonville Corporation and the water works company, including both operating expenses and capital expenditures, were supplied by appellee Profile Mills, and the income from the business conducted under the name of the Jacksonville Corporation was taken by Profile Mills and credited to an account on the books of Profile Mills of the affairs of the Jacksonville Corporation. The bill shows that all or substantially all of the properties now owned by the Jacksonville Corporation and the water works company were purchased or constructed with funds advanced by Profile Mills for such purposes; that the defendant W. I. Greenleaf negotiated the investment of the funds of Profile Mills in the property of the two defendant corporations and that he claims to own the beneficial interest in the stock of such corporations; that the plaintiff does not know who owns the legal title to such stock nor on what the claim of ownership of such stock by Greenleaf is based. The bill shows that shortly before defendant Greenleaf ceased to control Profile Mills he caused a negotiable promissory note to be executed to Jacksonville Corporation in the name of plaintiff as maker for approximately $43,000, such sum apparently being claimed by such defendants as being due to the Jacksonville Corporation on its account with plaintiff; that at the time such note was issued plaintiff was not indebted to the Jacksonville Corporation; and that the latter was largely indebted to appellee Profile Mills.

The bill prays that a resulting trust be declared in favor of appellee with respect to the property of the two defendant corporations purchased or constructed with funds of Profile Mills; for an accounting of the transactions between Profile Mills and the Jacksonville Corporation, and as an incident to such accounting, the cancellation of the note of Profile Mills to the Jacksonville Corporation.

The bill shows that defendant W. I. Greenleaf is no longer in charge of the affairs of Profile Mills, that since his resignation as president, the new management of the company has found that the records of Profile Mills do not record correctly the account between Profile Mills and the Jacksonville Corporation and has demanded an accounting from the defendants Greenleaf and the Jacksonville Corporation, but such defendants have failed to make such accounting.

■ The several questions of law necessary for a decision are well understood. Where there is a transfer of property to one person and the purchase price is paid by another, a resulting trust arises by operation of law in favor of the person by whom the purchase price was paid, in the absence of circumstances rebutting such operation of law. Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81; Miles v. Rhodes et al., 222 Ala. 208, 131 So. 633; DeFreese et al. v. Vanderford et ux., 220 Ala. 360, 361, 125 So. 228.

In Blanks v. Atkins et al., 217 Ala. 596, 598, 117 So. 193, 194, it is said that, "A resulting trust is the creature of 'equity, founded on the principle that the beneficial ownership ·is in him who furnishes the consideration. In the absence of special circumstances, as where a husband causes title to be made to his wife, or a parent to his child, indicative of a gift, it is sufficient to aver and prove that the property was paid for by one and the title taken in another, and that such money, ·or its equivalent, was so invested at the time of the purchase, or pursuant to an obligation so to do. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752."

The rules governing accounting in equity are stated in Julian v. Woolbert, 202 Ala. 530, 81 So. 32.

■ The bill showing a complicated state of facts in accounts between the parties, rendering necessary a proper accounting in equity, it should be submitted to the register or a master of the court's nomination to ascertain and report the respective accounts and interests disclosed on discovery and due accounting. Buck Creek Cotton Mills, a Corp., et al. v. Stokely, Ala.Sup., 181 So. 100;[1] Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; Marx v. Marx, 226 Ala. 684, 148 So. 418; Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806.

■ It is further an established rule that when there are mutual accounts between persons who are not merchants in the usual sense, that time is computed from the date of the last item, with the exception that when the account is liquidated and a balance is struck between the parties, then the computation of time as to such agreed balance begins to run. First National Bank of Oneonta v. Lowery, 234 Ala. 56, 59, 173 So. 382; Causler v.

Wharton, Adm'r, 62 Ala. 358; Bradford v. Spyker's Adm'r, 32 Ala. 134; Prestridge v. Patrick Irwin & Co., 46 Ala. 653; Cannon v. Copeland's Adm'r, 43 Ala. 201.

■ In City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402, 404, it is said: "The rule of our decisions on the subject of accounting is thus stated in our recent case of Ingram et al. v. People's Finance & Thrift Co. of Ala. [226 Ala. 317], 146 So. 822, 823: 'A bill for accounting states a case of equitable relief on facts showing a complicated nature of the account, or necessity for discovery of matters peculiarly within the knowledge of respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof.' Julian v. Woolbert, 202 Ala. 530, 81 So. 32."

■ The authorities have been recently adverted to, indicating that the statute of limitations does not begin to run against a resulting trust so long as there is a recognition of such trust by the trustees. Bromberg et al. v. First Nat. Bank of Mobile, Ala.Sup., 178 So. 48;[2] Snodgrass v. Snodgrass, 185 Ala. 155, 64 So. 594; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81. That. is to say that each recognition of the trust affords a new beginning of time and each case stands upon the facts and circumstances affecting such question. Whetstone v. Whetstone's Executors, 75 Ala. 495; Snodgrass v. Snodgrass, supra; Bromberg et al. v. First Nat'l Bank of Mobile, Ala.Sup., 178 So. 48, 53.[2] So of the question of nonclaim. Foster v. Featherston, 230 Ala. 268, 160 So. 689.

In this connection, it is well to observe that the attempt is likewise to call the executive head or director of a corporation to account by the corporation and owners thereof for alleged wrongdoing or breach of his trust, no official capacity or authority, consent, or approval being shown. Such was declared in Adams v. Alabama Lime & Stone Corp., 221 Ala. 10, 15, 127 So. 544; Montgomery Light & Power Co. v. Lahey et al., 121 Ala. 131, 137, 25 So. 1006, 1008.

■ The defense of laches is not available to a director of a corporation when called upon to account by the corporation for his wrongdoing in such official capacity which was not approved or acquiesced in

---

[1] Post, p. 146.

[2] 235 Ala. 226.

by that corporation. The rule is stated in Montgomery Light & Power Co. v. Lahey et al., supra, as follows: "Much, of course, depends upon the relation the respective parties to the suit bear to each other in the application of this doctrine. The defendant directors occupied a fiduciary relation towards the stockholders and the corporation of which they are directors. In the control of the assets and funds of the corporation, and in the direction and management of its business affairs, they are trustees. Bent v. Priest, 86 Mo. [475], 478; Parker v. Nickerson, 112 Mass. 195; Butts v. Wood, 38 Barb. [(N.Y.) 181], 188; Abbott v. American Hard Rubber Co., 33 Barb. [N.Y.] 578; Perry, Trusts, § 207. When called upon to account by the corporation, or by the shareholder when he is authorized to maintain suit in his own name, the unfaithful director cannot cover his mala fides with the plea of laches on account of mere delay in calling him to account." W. I. Greenleaf v. Profile Cotton Mills, 235 Ala. 530, 180 So. 582.

In the case of Gilb v. O'Neill et al., 225 Ala. 92, 97, 142 So. 397, 85 A.L.R. 1526, the observation is made that laches is an implied waiver arising from a knowledge of existing conditions and an acquiescence in them. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Lewis v. Owen, 231 Ala. 480, 165 So. 229; 21 Corpus Juris 210. See, also, the recent decision of Mullen v. First Nat. Bank of Montgomery, 226 Ala. 305, 146 So. 802.

■ In Grayson v. Roberts, 229 Ala. 245, 156 So. 552, 553, it is observed that: "The demurrer takes the point that the complainant was guilty of laches in seeking the relief prayed for in the bill. There is nothing upon the face of the bill to show, or tending in the slightest way to show, that the complainant is barred by laches from asserting her right, under the statute, to file the present bill. That being true, the demurrer was properly overruled. To be availing, on demurrer, the bill must disclose laches; otherwise the defense must be made by plea or answer."

■ The bill does not disclose that laches or the statute of limitations were shown and, therefore, the bill was not subject to grounds of demurrer urging the same. We have indicated that such defenses must be made by answer or plea. Mullen v. First National Bank of Montgomery, supra; Adams v. Alabama Lime & Stone Corp., supra.

■ It is further urged, on authority, that the statute of limitations is not available to an officer of a corporation or to those acting in privity with such officer as a defense to a suit by the corporation to call the officer to account, when such officer was responsible for the lack of earlier action on the part of the corporation to call such officer or officers to account for breach of trust to which consent or approval was not given. Holcomb v. Forsyth, 216 Ala. 486, 491, 113 So. 516; Peerson v. Gray et al., 184 Ala. 312, 313, 63 So. 467; Mobile Land Imp. Co. v. Gass, 142 Ala. 520, 39 So. 229; Decatur Mineral Land Co. et al. v. Palm et al., 113 Ala. 531, 21 So. 315, 59 Am.St.Rep. 140.

In Coxe et al. v. Huntsville Gas Light Co., 106 Ala. 373, 17 So. 626, it was declared that "The right of a corporation to require an accounting from its president, who was also its general manager and controlled and managed all its affairs, and who had occupied such position for many years, can not be barred by the statute of limitations, when it is shown that the failure to assert the right sooner was due to the refusal of said officer to allow an examination of the books of said company, and to his deception and misrepresentation as to the condition of the corporate affairs."

The later authorities are in accord with the announcement in Buck et al. v. Gimon, 201 Ala. 619, 79 So. 51. The reason for such rules, protecting the stockholder and the corporation as well, is found in the observation on corporate authority contained in Holcomb v. Forsyth, 216 Ala. 486, 491, 492, 113 So. 516, 521, and is stated as follows: "The right to control the election of the board of directors is a right inherent in majority ownership of stock, but the law exacts good faith and fair dealings, and contemplates that the director when elected will exercise the functions of the office honestly for the benefit of all the stockholders, free from pernicious and fraudulent domination of those holding the majority. Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am.St.Rep. 140; Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; 7 R.C.L. 424, § 413; Kardo Co. v. Adams, 6 Cir., 231 F. [950], 951; In re Elias, 17 Misc. 718, 40 N.Y.S. 910; Casper v. Kalt-Zimmers Mfg. Co., 159 Wis. 517, 149 N.W. 754 [150 N.W. 1101]; In re Election of Directors of St. Lawrence Steamboat Co., 44 N.J.Law, 529. Any other rule

would drive capital out of this field of investment and tend to paralyze rather than foster corporate enterprise."

When the several averments contained in the bill are considered, the right of discovery and accounting as to mutual accounts existing between the "Profile Mills" and the "Jacksonville Corporation," and the enforcement of a resulting trust in corporate stock and specific properties are shown. The bill avers that the resulting trust obtained as to all or substantially all of the property owned by defendant corporations. A detailed description thereof would have served no good purpose for further designation to defendant of the properties involved and subject to the trust, as the defendant was familiar with the property owned by them. A reference would be required to show the interest, or proportional interest, of appellee-complainant in the properties of said corporations. Drath v. Armstrong, 224 Ala. 661, 141 So. 634; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am.St.Rep. 81; Wheelock v. Dillard, 211 Ala. 599, 100 So. 840; Dillard v. Wheelock, 215 Ala. 195, 110 So. 278; Dean v. Roberts, et al., 182 Ala. 221, 62 So. 44.

In Smith v. Pullum, 184 Ala. 380, 63 So. 965, 967, it is said: "In the case of Dean v. Roberts, et al., 182 Ala. 221, 62 So. 44, we quoted with approval, and, in that case, enforced the following rule announced in Kech v. Sandford, 1 Lead. Cas. in Equity, 53, viz.: 'Wherever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated.'"

Hence it is not indispensable that the whole of the purchase money should have been paid out of the funds of complainant. Any portion of money of the other used in the purchase of property raises a resulting trust in favor of the owner of moneys used to the extent of the sum so used. Haney v. Legg, supra;

Beadle et al. v. Seat, 102 Ala. 532, 536, 15 So. 243; Shelby et al. v. Tardy, 84 Ala. 327, 4 So. 276; Anthe v. Heide, 85 Ala. 236, 4 So. 380; Bates et al. v. Kelly, 80 Ala. 142; 1 Perry on Trusts § 132.

The purpose of the bill is to determine and declare the respective rights of the respective companies that have come of the alleged commingling of funds and properties by the defendant Greenleaf as an official. There is no ground for the insistence that the relief sought is contradictory or that the averments of fact render the bill multifarious. Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860. It is said of multifariousnes, in the last-cited case, that it is not necessary that all the parties have an interest in all the matters in controversy, but it is sufficient that each defendant has an interest in some of them and that all are connected. The authorities are collected and defined in O'Neal v. Cooper, 191 Ala. 182, 67 So. 689; Treadaway v. Stansell, 203 Ala. 52, 82 So. 12; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; Truss v. Miller, 116 Ala. 494, 22 So. 863. The rule that obtains is stated in Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571, 609–611; Story's Eq. Pl. § 530.

The suggestion is further made by appellants that as to the note sought to be canceled, a complete and adequate remedy at law exists. The answer to the suggestion is that the averments of the bill show that the note was given in connection with the transactions for which discovery and accounting are sought. It is axiomatic that equity does not do justice by piecemeal.

It is further urged with force that the bill shows that the note sought to be canceled is a negotiable promissory note and the defense of "no consideration" would not be available to appellee if the note were negotiated.

We are of the opinion that the trial court was not in error in overruling demurrer to the bill of complaint and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.