937 So.2d 1029 (2004)
JOHNSTON-TOMBIGBEE FURNITURE MANUFACTURING COMPANY, INC.
v.
Scott BERRY.
2030045.
Court of Civil Appeals of Alabama.
September 24, 2004.
Rehearing Denied December 3, 2004.
*1030 Thomas R. Jones, Jr., and Randal Kevin Davis of Davidson, Wiggins & Jones, P.C., Tuscaloosa, for appellant.
Isaac P. Espy of Espy, Nettles, Scogin & Brantley, P.C., Tuscaloosa, for appellee.
YATES, Presiding Judge.
Johnston-Tombigbee Furniture Manufacturing Company, Inc., sued Scott Berry on October 3, 2001, seeking to reform a deed to certain real property based on a mutual mistake of the parties or, in the alternative, to quiet title to the real property. On April 16, 2003, Scott moved the court for a summary judgment. The motion was set for a hearing on August 7, 2003.
On August 6, 2003, Johnston-Tombigbee moved the court to allow it to amend its complaint. On September 10, 2003, the trial court entered an order granting Scott a summary judgment as to Johnston-Tombigbee's complaint seeking a reformation of the deed or, in the alternative, to quiet title to certain real property. The court also granted Johnston-Tombigbee's motion to amend its complaint.
Johnston-Tombigbee alleged in its amended complaint that Scott had converted corporate assets; had breached a corporate fiduciary duty; had usurped a corporate opportunity; had committed self-dealing; and had wasted corporate assets. On September 8, 2003, Scott moved the court for a summary judgment as to the claims asserted in the amended complaint, arguing, among other things, that the claims asserted in the complaint are barred by the applicable statute of limitations and by the doctrine of estoppel. On September 25, 2003, the trial court entered a summary judgment in favor of Scott on the claims asserted by Johnston-Tombigbee in its amended complaint. Johnston-Tombigbee appeals.[1] This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for a summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is "substantial" if it is of "such *1031 weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Reau Berry and Scott Berry are brothers. On January 7, 1988, Reau and Scott each acquired a 50% ownership interest in the stock of a corporation known as Lounora. Lounora owned Johnston-Tombigbee; therefore, by way of their ownership of Lounora, Scott and Reau each owned an equal 50% share of Johnston-Tombigbee. Scott served as the president of Johnston-Tombigbee. At the time Reau and Scott acquired ownership of the companies, Johnston-Tombigbee owned 3,000 acres of land located in Pickens County; that land was used primarily by Johnston-Tombigbee as collateral and for the generation of cash through the harvesting of timber.
In 1989, Reau and Scott learned that 112 acres of land contiguous to the 3,000 acres was available for purchase. The 112 acres of land was owned by Beville Reagan and was known as the "Ziegler Tract." Reau and Scott resolved to purchase the Ziegler Tract with Johnston-Tombigbee's funds. On May 31, 1989, Johnston-Tombigbee issued a check in the amount of $16,800 payable to Beville Reagan for the purchase of the Ziegler Tract; in addition, Reagan was given lifetime "coon hunting" rights to the 3,000 acres owned by Johnston-Tombigbee.
At the time of the purchase of the Ziegler Tract, it was the intent of Reau and Scott to have the title to the property placed in their names rather than in Johnston-Tombigbee's. Scott testified in his deposition that he and Reau had intended to acquire the Ziegler Tract as a personal asset in order to "build some personal portfolio outside of the reach of the assets of Johnston-Tombigbee." Scott further stated that Johnston-Tombigbee's funds were used for the purchase of the Ziegler Tract because in June 1988 he had taken no salary from Johnston-Tombigbee and Reau had taken a reduced salary and that they therefore agreed to have the title to the Ziegler Tract placed in their names as "more or less ... a bonus payment to [themselves]." Reau testified in his affidavit that title to the Ziegler Tract was placed in his and Scott's names individually to allow them to build a personal portfolio. However, he further stated that the property was not considered a personal asset, but rather that it was an asset of Johnston-Tombigbee. Reau also testified that the property was not intended as a bonus payment to him or Scott.
Since the Ziegler Tract was acquired by Reau and Scott, Johnston-Tombigbee has paid taxes on the property, the property has been identified as an asset of Johnston-Tombigbee on the corporate books, and the property has been pledged by Reau and Scott as an asset of Johnston-Tombigbee for the purposes of borrowing money for Johnston-Tombigbee.
On June 30, 2000, Reau purchased Scott's ownership interest in Lounora (and thus his ownership interest in Johnston-Tombigbee) and became the sole owner and new president of Johnston-Tombigbee. Reau contends that he and Scott intended that he would be purchasing all the assets of Johnston-Tombigbee, including the Ziegler Tract, but that Scott has refused to convey his interest in the Ziegler Tract to Johnston-Tombigbee. Scott denies that he and Reau intended that Reau would be purchasing his ownership interest in the Ziegler Tract, and he contends *1032 that his interest in the Ziegler Tract was a personal asset given to him as a bonus for taking no salary from Johnston-Tombigbee in June 1988.
Johnston-Tombigbee argues that the trial court erred in granting Scott's motion for a summary judgment because, it contends, that motion failed to comply with Rule 56, Ala. R. Civ. P., in that the motion failed to contain a narrative summary of the undisputed facts. We disagree. Rule 56(c)(1), Ala. R. Civ. P., requires that a motion for a summary judgment "be supported by a narrative summary of what the movant contends to be the undisputed material facts." See also Northwest Florida Truss, Inc. v. Baldwin County Comm'n, 782 So.2d 274 (Ala.2000).
Scott's motion for a summary judgment does not contain an abundance of facts; however, it does contain some facts relative to the issues on appeal. Therefore, after reviewing the motion we conclude that it at least meets the minimum requirements of Rule 56, Ala. R. Civ. P.
Johnston-Tombigbee next argues that the claims asserted in its amended complaint are timely because they relate back to the filing of its original complaint. As mentioned above, Scott argued in support of his motion for a summary judgment that the claims asserted in Johnston-Tombigbee's amended complaint are barred by the applicable statute of limitations.
Actions by a corporation against a corporate officer for a breach of fiduciary duty and a breach of the corporate trust are governed by the two-year statute of limitations found in § 6-2-38(l), Ala.Code 1975. System Dynamics Int'l, Inc. v. Boykin, 683 So.2d 419 (Ala.1996). Johnston-Tombigbee contends that its claims accrued against Scott on June, 30, 2000, the date that he sold his interest in Lounora and Johnston-Tombigbee to Reau and refused to convey his interest in the Ziegler Tract. Assuming that Johnston-Tombigbee's claims accrued on June 30, 2000, its amended complaint filed on August 6, 2003, was filed after the expiration of the applicable limitations period and is, therefore, untimely unless it relates back to the date of the filing of the original complaint pursuant to Rule 15(c), Ala. R. Civ. P. Rule 15(c) provides:
"An amendment of a pleading relates back to the date of the original pleading when
"....
"(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."
This court has stated:
"Thus, for an amended complaint to relate back to the date of the original complaint, the claim stated in the amended complaint must have arisen from the same conduct, transaction, or occurrence set forth in the original complaint. `The relation-back doctrine of Rule 15(c) is objective, and its application, under prescribed circumstances, is nondiscretionary.'
"An amendment to a complaint, filed beyond the statutory limitations period, that alleges facts not alleged in the original complaint or that attempts to state a cause of action that was not stated in the original complaint, is time-barred. The Supreme Court of Alabama stated the test for determining whether an amendment states a new cause of action, and thus cannot relate back to the date of the original complaint, as follows:
"`"A new cause of action is not set up by amendment where the same substantial facts are pleaded merely in a different form, so that a recovery on *1033 either count of the complaint would bar a recovery on the other. As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony."'"
Gulf States Steel, Inc. v. White, 742 So.2d 1264, 1267 (Ala.Civ.App.1999) (citations omitted). Additionally, this court has stated:
"`[W]hen an amendment merely changes the legal theory of a case or merely adds an additional theory, and the new theory is based upon the same facts as the original one and those facts have been brought to the attention of the defendant, the amendment does not prejudice the defendant; we have held that such an amendment is to be taken as merely a more definite statement of the original cause of action and that it relates back to the date of the original complaint. See McCollough v. Warfield, 523 So.2d 374 (Ala.1988), and the cases quoted therein. However, this Court has also held that where the plaintiff, in an amendment filed beyond the statutory limitations period, alleges facts that were not alleged in the original complaint or attempts to state a cause of action that was not stated in the original complaint, the amendment is time-barred.'"
Carter v. Liberty Nat'l Life Ins. Co., 849 So.2d 977, 982 (Ala.Civ.App.2002), quoting ConAgra, Inc. v. Adams, 638 So.2d 752, 753-54 (Ala.1994).
Johnston-Tombigbee alleged the following in its original complaint:
"10. At the time of the purchase [of the Ziegler Tract], it was the intent of the parties that the purchaser of the property be [Johnston-Tombigbee]. Further, at the time of the conveyance of the original deed, dated March 24, 1989, and the correction deed, dated August 9, 1989, it was the intent of the parties that said deeds should reflect [Johnston-Tombigbee] as the grantee and title owner.
"11. Reau Berry has executed a Quitclaim Deed in favor of [Johnston-Tombigbee], so that the public record will reflect the intent of the parties to the original conveyance. As such, Reau Berry is not a necessary party to this action.
"12. The Deeds currently enrolled, referred to in paragraphs seven and eight, above, reflect ownership of the property by Scott Berry and Reau Berry, individually, because of the mutual mistake of the parties at the time the deed was drafted and executed."
Johnston-Tombigbee alleged the following in its amended complaint:
"12. At the time of the purchase in question and the conveyance of the original deed, dated March 24, and the correction deed, dated August 9, 1989, it was the intent of the defendant and his brother, the current President of [Johnston-Tombigbee], to place legal title in their personal names. However, it was their further intent to simply build their personal portfolios by such transactions and not to necessarily consider the subject property anything other than an asset of [Johnston-Tombigbee]."
Johnston-Tombigbee alleged in its original complaint that it was the intent of the parties to place title to the Ziegler Tract in the name of Johnston-Tombigbee and *1034 that, based on a mutual mistake of the parties, the property was titled in Scott's and Reau's names individually. However, in the amended complaint, Johnston-Tombigbee, in order to set up its claims of a breach of fiduciary duty and a breach of corporate trust, completely changed the crucial factual allegation to allege that it was the actual intent of Scott and Reau to place title to the Ziegler Tract in their names in order to build their personal portfolios. Because Johnston-Tombigbee completely changed the factual allegations to allege facts in its amended complaint that were not alleged in its original complaint, we conclude that the claims alleged in the amended complaint do not relate back to the date of the original complaint and, therefore, are barred by the applicable statute of limitations.
Because we conclude that the claims asserted in the amended complaint are barred, we pretermit discussion of the remaining issues raised by Johnston-Tombigbee on appeal.
AFFIRMED.
CRAWLEY and THOMPSON, JJ., concur.
PITTMAN, J., dissents, without writing.
MURDOCK, J., dissents, with writing.
MURDOCK, Judge, dissenting.
As the main opinion notes (albeit without the same emphasis as is supplied below), this court has stated:
"The Supreme Court of Alabama stated the test for determining whether an amendment states a new cause of action, and thus cannot relate back to the date of the original complaint, as follows:
"`"A new cause of action is not set up by amendment where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony."'"
Gulf States Steel, Inc. v. White, 742 So.2d 1264, 1267 (Ala.Civ.App.1999) (citations omitted) (emphasis added).
In this case, the allegations in both the original complaint and the amended complaint address the same "injury" and the same "matter" or "subject of controversy." In both, Johnston-Tombigbee alleges that it should have the benefit of certain real property. In the original complaint, Johnston-Tombigbee sought a reformation of the deed to the real property, which it claims mistakenly names Reau Berry and his brother Scott Berry (rather than the corporation) as grantees, or, in the alternative, to quiet title to the real property in the corporation. In the amended complaint, Johnston-Tombigbee asserts that Scott Berry's retention of title in himself, rather than in the corporation, constitutes a conversion of corporate assets, a breach of a corporate fiduciary duty, usurpation of corporate opportunity, self-dealing, and a waste of corporate assets. I believe the different claims, or legal theories, set forth in the amended complaint are not complaining of any different "injury" or "subject of controversy" than is alleged in the original complaint. Instead, the same matter is simply "differently laid." See also Kaufmann & Assocs., Inc. v. Davis, 908 So.2d 246, 254 (Ala.Civ.App.2004) (Murdock, *1035 J., dissenting as to denial of application for rehearing) (discussing meaning of separate causes of action for purposes of res judicata).
Based on the foregoing, I must conclude that the trial court erred in failing to recognize that the claims set forth in the amended complaint relate back to the date of filing of the original complaint under Rule 15, Ala. R. Civ. P. Accordingly, I respectfully dissent from the judgment of this court affirming the trial court's entry of a summary judgment against Johnston-Tombigbee on the ground that the claims asserted in the amended complaint were barred by the applicable statute of limitations.
NOTES
[1] Only the claims asserted in the amended complaint are before this court on appeal. The claims seeking a reformation of the deed or, in the alternative, to quiet title are not before this court.