Because, during the pendency of this appeal, Appellants effected a settlement with the City of Hamilton (not a party to this appeal), which settlement, on behalf of the minor Plaintiff (Tina Whitfield), was approved by the court and judgment entered accordingly and satisfied by payment and receipt thereof, the appeal of this cause as to Whitfield is mooted and it is hereby dismissed. Butler v. GAB BusinessServices, Inc., 416 So.2d 984 (Ala. 1982); Maddox v. Druid CityHospital Board, 357 So.2d 974 (Ala. 1978).
We do not agree with the Appellees' contention, however, that the settlement between the adult Plaintiff, Mavis Chambliss (mother of minor Plaintiff Whitfield), and the City also requires a dismissal of Chambliss's appeal. Unlike the settlement on behalf of the minor Plaintiff, no judgment was necessary to validate the settlement agreement executed by the City and the adult Plaintiff, Ms. Chambliss. That settlement agreement, by its explicit terms, preserved the mother's separate claims and actions pending against the two police officers (Appellees herein).
The appeal on behalf of Ms. Chambliss presents a single issue: Whether the trial court erred in rejecting Chambliss's offered amendment, stating a claim for false imprisonment, which was filed more than one year after the incident made the basis of that claim. Stated another way, because her original derivative action claim was timely filed, does Chambliss's offered amendment, claiming false imprisonment, relate back to the filing of the derivative action claim so as to overcome the statute of limitations defense? We hold that it does; therefore, we reverse and remand for a new trial.
A brief statement of the case is essential to our treatment of the dispositive issue. On May 11, 1983, minor Plaintiff Whitfield, "suing by next friend and mother Mavis Chambliss," filed a complaint in circuit court for false imprisonment arising out of an incident which occurred on November 27, 1982. Paragraph "4" of this original complaint, on behalf of the minor, alleged in part that "[Officer Murphy] thereupon placed Mrs. Chambliss and Plaintiff in a jail cell." By amendment on June 3, 1983, Chambliss, as a party plaintiff, stated a claim for the medical expenses incurred as a result of the alleged injuries suffered by her daughter Whitfield. Whitfield, in this same pleading, amended her complaint to add two counts for the alleged violation of her civil rights. Appellees' motions to dismiss the complaint and the amended complaint were denied and the parties proceeded with discovery in preparation for trial.
On April 10, 1984, Whitfield's motion for a continuance was denied, and the jury was selected on April 11, 1984, and the trial began. On April 12, 1984, before the trial resumed, Chambliss filed a "Motion for Leave to Amend Complaint as Amended," alleging a cause of action for her own false imprisonment on November 27, 1982. The trial court granted Appellees' and the City's motion to strike this proffered amendment. On April 13, 1984, the court granted the City of Hamilton's motion for directed verdict, but denied similar motions filed by the Appellees. On April 16, 1984, the jury returned a verdict in favor of all remaining defendants (Appellees), and judgment was entered thereon. Plaintiffs' motions for judgment notwithstanding the verdict and for new trial were denied.
Rule 15 of the Alabama Rules of Civil Procedure provides, in part:
 "(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . ."
Chambliss's final offer to amend the complaint included a claim for her own false imprisonment allegedly occurring during the same incident upon which Whitfield's *Page 483 
claims are based. Appellees claim that to allow this amendment would result in substantial prejudice to their case. We disagree. Where, as here, the proffered amendment would
 "merely change the legal theory of a case or add an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party." Bracy v. Sippial Electric Co., Inc., 379 So.2d 582, 583 (Ala. 1980). See, also, United States v. Johnson, 288 F.2d 40 (5th Cir. 1961).
Appellees' argument of prejudice to their case is further weakened by the averments of the original complaint which placed Appellees on notice that the minor plaintiff had been imprisoned along with her mother, Mavis Chambliss.
Similarly, the offered amendment properly related back to both the May 12, 1983, complaint and the June 3, 1983, amendment under Rule 15 (c). The claim for Chambliss's false imprisonment arises out of the same "transaction or occurrence" set out in those two initial pleadings. See McClendon v. Cityof Boaz, 395 So.2d 21 (Ala. 1981).
Although not essential to our holding, another well-established principle aids in and is consistent with our rationale. This is the principle of law that requires a party to state in one lawsuit all of the claims, including all of the elements of damages, arising out of the same facts and against the same parties. Price v. Southern Railway Co., 470 So.2d 1125
(Ala. 1985); Sessions v. Jack Cole Co., 276 Ala. 10,158 So.2d 652 (1963).
Where, as here, Chambliss, pursuant to A.R.Civ.P. 20 (the permissive joinder rule), amended the pending suit on behalf of her minor daughter to include her derivative action claim, any additional claim on her own behalf growing out of this same transaction had to be filed by way of amendment to the pending derivative action suit. This is true, independent of the time limitation issue. But where Chambliss seeks to amend more than one year from the date the cause of action arose, the relation-back theory must be tested in the context of the one-lawsuit concept established in Sessions.
Having found that the instant circumstances fall squarely within the Rule 15 (c) relation-back theory, we hold that the trial court erred in granting the Appellees' motion to strike Chambliss's offered amendment.
It should be noted by way of conclusion that the instant holding in no way conflicts with Dean v. Sfakianos,472 So.2d 1009 (Ala. 1985), upholding the trial court's refusal to permit an amendment after trial to "bring in the corporation itself" as a party plaintiff. There, we found that the trial court did not abuse its discretion to disallow the amendment pursuant to Rule 15 (b). The relation-back doctrine of Rule 15 (c), however, is an objective standard and its application under the prescribed circumstances is nondiscretionary.
As to the appeal on behalf of Tina Whitfield, who sues by her next friend and mother, the appeal is dismissed. As to the appeal by Mavis Chambliss, the judgment appealed from is reversed and the cause is remanded.
APPEAL DISMISSED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 484