Plaintiffs, John E. McCollough, Mary R. McCollough, Marion W. McCollough, and Carolyn F. McCollough, appeal by permission from an interlocutory order dismissing their amended complaint as barred by the statute of limitations. See Rule 5, Ala.R.App.P.
The McColloughs filed the original complaint February 19, 1985, alleging breach of a contract signed January 20, 1984. On October 15, 1986, the trial court entered an order allowing discovery against defendants Richard P. Warfield and James R. Holloway (hereinafter "Warfield"). The McColloughs filed an amended complaint on November 26, 1986, after such discovery, alleging legal fraud on behalf of Warfield. Warfield objected to the amended complaint, claiming that the amended complaint for legal fraud was on its face barred by the statute of limitations. After oral argument, the trial judge declined to allow the amendment, finding that the legal fraud cause of action was barred by the two-year statute of limitations. The McColloughs were given permission to appeal.
This Court has, on several occasions, stated when an amended complaint will relate back to the original complaint.
 "Under Rule 15(c), ARCP, '[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted *Page 375 
to be set forth in the original pleading, the amendment relates back to the date of the original pleading.' The claims asserted in the July 9, 1979, amendment arose out of the same events concerned in the February 22, 1978, complaint. That the amendment adds a new theory or revamps the format of the complaint is immaterial. When a new theory of liability is based upon the same facts and those facts have been brought to the attention of the opposite party by previous pleading, no prejudice is worked by allowing the amendment."
McClendon v. City of Boaz, 395 So.2d 21 at 26 (Ala. 1981) (citation omitted). The Court restated the theory inWhitfield v. Murphy, 475 So.2d 480 (Ala. 1985), saying:
"Where, as here, the proffered amendment would
 " 'merely change the legal theory of a case or add an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party.'"
475 So.2d at 483 (citations omitted).
 "Thus, where the plaintiff attempts through amendment to aver new facts or a new cause of action, beyond the statute of limitations period, which were not included in the original complaint, the amendment is barred. However, where the amendment is merely a more definite statement, or refinement, of a cause of action set out in the original complaint, the amendment relates back to the original complaint in accordance with A.R.Civ.P. 15(c)."
Cooper v. Thomas, 456 So.2d 280, 283 (Ala. 1984) (citations omitted).
In Bracy v. Sippial Electric Co., 379 So.2d 582
(Ala. 1980), the Court dealt with the situation where the plaintiff was attempting to amend his contract action by adding a fraud count. In dealing with the issue of whether the fraud count should relate back to the original complaint, the Court stated:
 "It is obvious from the amendment that Sippial was going to attempt to prove its fraud allegation with facts previously pled and with the terms of the subcontract. The fraud count was merely an additional cause of action. Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party. . . . We cannot say that Bracy suffered actual prejudice or that the trial would be unduly delayed by allowing the amendment; the court, therefore, did not abuse its discretion in allowing it."
Bracy v. Sippial Electric Co., 379 So.2d at 584.
In McElrath v. Consolidated Pipe Supply Co.,351 So.2d 560 (Ala. 1977), this Court wrote:
 " 'Under this rule [15] leave to amend pleadings should be granted freely when justice so requires and the adverse party will not be prejudiced thereby, to clarify the issues and expedite the disposition of litigation. . . .' (footnotes omitted) [quoting 1A Barron and Holtzoff, Federal Practice Procedure, § 442 comments; emphasis added in McElrath].
". . .
 " 'Prejudice may be found, however, where the amendment will cause excessive delay or where a source of evidence has become unavailable or a statute of limitations would bar a new suit if the opposing party should lose the present action. . . .' (footnotes omitted) [quoting 1A Barron and Holtzoff, Federal Practice Procedure, § 442 comments; emphasis added in McElrath]."
351 So.2d at 564-65. The Court also wrote:
 " 'Our survey of the cases interpreting rule 15(a) has not persuaded us that a finding of prejudice to the opposing party, although dispositive when present, is the only factor justifying a refusal to permit a change in theory. . . . As we see it, a shift in theory should be denied, even in the absence of prejudice, where the party seeking to interpose it has been *Page 376 guilty of flagrant abuse, bad faith, or truly inordinate and unexplained delay. However, in the absence of these factors the question of prejudice should be the touchstone of the determination whether to permit the amendment. (footnote omitted [in McElrath].) Moreover, in approaching that question, we believe that we must view the [notion] of prejudice broadly . . .' [quoting Matlack, Inc. v. Hupp Corp., 57 F.R.D. 151 (E.D. Pa. 1972); emphasis added in McElrath]."
McElrath v. Consolidated Pipe Supply Co.,351 So.2d at 564-65.
The claims asserted in the November 26, 1986, amendment arose out of the same events concerned in the February 19, 1985, complaint. The amended complaint would not work to prejudice the opposing party, because the amendment was submitted prior to trial and thus would not produce any undue delay, and because this additional theory is based upon the same set of facts that was brought to Warfield's attention by the original pleading. Additionally, there was no delay by the McColloughs in filing the amended complaint; it was filed shortly after discovery was compelled by the lower court. After review of the record, we find that the amended complaint alleging legal fraud does relate back to the filing of the original complaint.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.