The defendant, ConAgra, Inc., appeals from a judgment entered pursuant to a jury verdict in favor of the plaintiff, Willie Adams, in an action alleging retaliatory discharge.
Adams filed his original complaint against ConAgra on June 17, 1988, claiming workers' compensation benefits for an injury he claimed to have sustained in August 1987 while working within the line and scope of his employment with ConAgra. Adams amended his complaint on May 21, 1991, to allege retaliatory discharge in violation of Ala. Code 1975, § 25-5-11.1. ConAgra answered, alleging as affirmative defenses that the claim alleging retaliatory discharge was barred by the applicable two-year statute of limitations at Ala. Code 1975, § 6-2-38; and that the retaliatory discharge claim does not relate back to the date the original complaint was filed.
The trial court denied ConAgra's subsequent motion for summary judgment. It stated that the claim for workers' compensation benefits and the claim alleging retaliatory discharge were separate claims based upon different facts and different theories of recovery, but that the claim alleging retaliatory discharge arose because of the workers' compensation claim; that both factual situations, while distinguishable, arose in the workers' compensation context; and that, therefore, under Rule 15, A.R.Civ.P., the claim alleging retaliatory discharge related back to the date the original complaint was filed. A jury returned a verdict in favor of Adams on the retaliatory discharge claim and the court entered a judgment pursuant to that jury verdict. (The trial court had previously denied the workers' compensation claim.) Following the denial of its motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, ConAgra appealed.
ConAgra argues that Adams's amended complaint alleging retaliatory discharge does not relate back to the date of the filing of the workers' compensation complaint and is, therefore, time-barred.
Rule 15(c), A.R.Civ.P., provides, in part:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading . . . ."
This Court has held that when an amendment merely changes the legal theory of a case or merely adds an additional theory, and the new theory is based upon the same facts as the original one and those facts have been brought to the attention of the defendant, the amendment does not prejudice the defendant; we have held that such an amendment is to be taken as merely a more definite statement of the original cause of action and that it relates back to the date of the original complaint. SeeMcCollough v. Warfield, 523 So.2d 374 (Ala. 1988), and the cases quoted *Page 754 
therein. However, this Court has also held that where the plaintiff, in an amendment filed beyond the statutory limitations period, alleges facts that were not alleged in the original complaint or attempts to state a cause of action that was not stated in the original complaint, the amendment is time-barred. See McCollough and the cases quoted therein. InMcCollough, this Court noted that the claims asserted in the amendment arose out of the same events serving as the basis for the original complaint; that because the additional theory asserted in the amendment was based on facts that had been brought to the defendant's attention in the original complaint and would not produce any undue delay, the amendment would not work to prejudice the defendant; and that the plaintiffs had not delayed in filing the amendment. In that case, we held that the amended complaint related back to the date of the filing of the original complaint.
In this case, however, the claims asserted in Adams's amended complaint do not arise out of the same events as those claims asserted in the original complaint. Specifically, the original complaint merely alleges that Adams was injured while working within the line and scope of his employment with ConAgra and that ConAgra had denied him workers' compensation benefits. The record reveals that Adams was terminated by ConAgra in October 1987, before he filed his complaint for workers compensation benefits; therefore, when he filed the original complaint, Adams had notice of the facts giving rise to the retaliatory discharge claim, yet he did not file his amended complaint alleging retaliatory discharge until May 1991. The retaliatory discharge theory asserted in the amended complaint was not based on facts that had been brought to ConAgra's attention in the original complaint.
This Court has never before addressed the issue of whether a claim alleging retaliatory discharge relates back to the filing of a workers' compensation claim; however, in Autrey v. EnergyCorp. of America, Inc., 594 So.2d 1354 (La.Ct.App. 1992),writ denied, 596 So.2d 197 (La. 1992), and in Lynn v. BergMechanical, Inc., 582 So.2d 902 (La.Ct.App. 1991), the Louisiana Court of Appeals held that a complaint alleging retaliatory discharge does not relate back to the date of the filing of the original complaint for workers' compensation benefits. For the reasons set out in this opinion, we reach the same conclusion. The amendment was time-barred. Accordingly, the judgment is reversed and the cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.