742 So.2d 1264 (1999)
GULF STATES STEEL, INC.
v.
William Clarence WHITE.
2970896.
Court of Civil Appeals of Alabama.
January 8, 1999.
Rehearing Denied February 19, 1999.
Certiorari Denied June 11, 1999.
*1265 James W. McGlaughn of Inzer, Stivender, Haney & Johnson, Gadsden, for appellant.
Leon Garmon, Gadsden, for appellee.
Alabama Supreme Court 1980917.
THOMPSON, Judge.
On January 22, 1991, William Clarence White filed a complaint against his employer, Gulf States Steel, Inc. ("Gulf States"), in the Circuit Court of Etowah County, seeking benefits under the Workers' Compensation Act. White alleged that he had "suffered injury to his back, left shoulder, and right leg as a proximate result of [an] accident which occurred on or about May 21, 1989." White claimed permanent total disability as a result of the accident. However, White returned to work full time, with no restrictions, in January 1990.
On August 27, 1992, White fell at work and injured his right knee. On May 2, 1997, Gulf States filed a motion to exclude, *1266 in the trial of White's action, any evidence relating to the 1992 injury. Five days later, on May 7, 1997, White moved for leave to amend his original complaint to allege the 1992 injury, and the trial court allowed the amendment.[1] Gulf States filed an answer to the amended complaint, asserting that the statute of limitations barred any recovery for the 1992 injury. In its order denying Gulf States' motion to exclude, the trial court determined that White had been "initially injured" in 1989 and "re-injured" in 1992. On June 16, 1997, Gulf States filed a motion for summary judgment on the grounds that the statute of limitations barred the claim based on the 1992 injury. After a hearing on Gulf States' motion for summary judgment, the trial court orally notified both parties that it had denied that motion, on December 18, 1997, and it commenced a nonjury trial the same day.
On January 5, 1998, Gulf States filed a motion to apply the provisions of § 25-5-57, Ala.Code 1975, asserting that any award for the 1992 injury should be offset by early-retirement benefits received by White. White asked the trial court to tax the costs of the fees of Dr. Jack Bentley, Jr., a licensed professional counselor and vocational expert, as court costs to Gulf States.
On March 30, 1998, the trial court entered an order awarding White permanent total disability benefits. The trial court also granted White's motion to tax the cost of Dr. Bentley's fees to Gulf States. After the trial court denied Gulf States' motion to alter, amend, or vacate the judgment, Gulf States appealed.
Gulf States argues that the statute of limitations bars White's claim for the 1992 injury and that the trial court erred by taxing Dr. Bentley's psychotherapy bills as court costs and by failing to apply the "offset" provisions of § 25-5-57, Ala.Code 1975, to the 1992 injury.
At the time of trial, White was 63 years old. He had been employed as a general electrician and millwright by Gulf States and its predecessor, Republic Steel Corporation, from 1959 until 1993.
On May 21, 1989, White was repairing a paddle arm on top of an overhead crane. As he was descending from the crane, he lost his hold and fell approximately 8 to 10 feet, to the lower deck of the crane. Dr. William Stewart, White's treating physician, testified during his deposition that as a result of the 1989 accident White tore the hamstring muscle on his right leg, strained a muscle in his lower back, and had a minor shoulder separation.
After having surgery on his right shoulder, White was released to work, with no restrictions, and he returned to work for Gulf States in January 1990. On August 27, 1992, White was working in Gulf States' coal strip mill when he fell on some steps and landed on his right knee. After this accident, White did not return to work, and he agreed to take a paid, voluntary, early retirement in 1993. The retirement incentive paid White 24 monthly payments of $801. On January 15, 1995, Dr. C. William Hartzog performed a total knee replacement on White's right leg.
The Workers' Compensation Act as it read before the 1992 amendment ("the new Act") applies to White's 1989 injury. However, the new Act applies to White's 1992 injury. Under either Act, the trial court's conclusions regarding legal issues carry no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576 (Ala.1993); see also § 25-5-81(e)(1), Ala. Code 1975. Therefore, this court's review of the three issues that Gulf States raises on appeal is de novo.
The new Act's version of § 25-5-80, Ala.Code 1975, states:
"In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within *1267 two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88.... Where, however, payments of compensation, as distinguished from medical or vocational payments, have been made in any case, the period of limitation shall not begin to run until the time of making the last payment."
The "commencement of [a workers' compensation] action within the time prescribed by the statute is an indispensable condition to the liability of the [employer] and to [the worker's] right to sue." Morgan v. Rheem Mfg. Co., 395 So.2d 1030, 1031 (Ala.Civ.App.1981).
After the complaint is filed, "[the] action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions." § 25-5-88, Ala.Code 1975. Rule 15(c), Ala. R. Civ. P., provides:
"An amendment of a pleading relates back to the date of the original pleading when
". . . .
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...."
Thus, for an amended complaint to relate back to the date of the original complaint, the claim stated in the amended complaint must have arisen from the same conduct, transaction, or occurrence set forth in the original complaint. See Cummins Engine Co. v. Invictus Motor Freight, Inc., 641 So.2d 761 (Ala.1994); and Georgia Cas. & Sur. Co. v. White, 582 So.2d 487 (Ala.1991). "The relation-back doctrine of Rule 15(c) is objective, and its application, under prescribed circumstances, is nondiscretionary." Cummins Engine Co., 641 So.2d at 764, citing Whitfield v. Murphy, 475 So.2d 480 (Ala.1985).
An amendment to a complaint, filed beyond the statutory limitations period, that alleges facts not alleged in the original complaint or that attempts to state a cause of action that was not stated in the original complaint, is time-barred. ConAgra, Inc. v. Adams, 638 So.2d 752, 754 (Ala.1994); McCollough v. Warfield, 523 So.2d 374, 375 (Ala.1988); and Cooper v. Thomas, 456 So.2d 280, 283 (Ala.1984). The Supreme Court of Alabama stated the test for determining whether an amendment states a new cause of action, and thus cannot relate back to the date of the original complaint, as follows:
"`A new cause of action is not set up by amendment where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. As long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an introduction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony. United States Steel Corp. v. McGehee, 262 Ala. 525, 80 So.2d 256 [(1954)]; Isbell v. Bray, 256 Ala. 1, 53 So.2d 577 [(1951)]; Alabama Consolidated Coal & Iron Co. v. Heald, 154 Ala. 580, 45 So. 686 [(1908)].'"
ALFA Mut. Ins. Co. v. Smith, 540 So.2d 691, 694 (Ala.1988), quoting Knox v. Cuna Mut. Ins. Soc'y, 282 Ala. 606, 613, 213 So.2d 667, 673 (1968).
White's original complaint, filed on January 22, 1991, describes in detail the work-related accident that occurred on May 21, 1989. On that date, White was injured when he fell approximately 8 to 10 feet to the lower deck of an overhead crane. On May 7, 1997, White sought leave from the court to amend his original complaint to allege that he also had suffered *1268 a work-related injury on August 27, 1992. This second claim arose when White fell on some steps at Gulf States' coal strip mill and landed on his right knee. Thus, White sought to amend his complaint to allege an injury involving a set of facts entirely different from those related to the injury suffered in 1989, which had been the basis for his original complaint.
Also, applying our Supreme Court's test, we find that White's amended complaint introduces a new cause of action, because the 1992 injury is a different matter and a separate subject of controversy from the 1989 injury. It cannot be said that the facts of White's amended complaint are "the same substantial facts ... pleaded in a different form, so that a recovery on either count of the complaint would bar a recover on the other." See Knox v. Cuna Mut. Ins. Society, supra. White could have maintained separate and distinct actions to recover workers' compensation benefits for the 1989 accident and the 1992 accident. He elected not to institute an action for the 1992 injury within the statutory limitations period. He cannot revive his statutorily barred claim for the 1992 injury by amending the complaint to include a completely different injury arising from a separate accident.
Citing Erwin v. Harris, 474 So.2d 1125 (Ala.Civ.App.1985), White contends that the amended pleading "concern[s] an injury on August 27, 1992, which was a direct result of the weakened condition of his right leg from the May 21, 1989, fall." However, neither the statute of limitations nor the relation-back doctrine was an issue addressed in Erwin v. Harris, supra. In that case, the issue was whether a worker who had received compensation for a work-related injury to his knee could recover medical benefits for a subsequent non-work-related injury to the same knee. Erwin v. Harris, 474 So.2d at 1126.
We conclude that White's two accidents, which occurred three years apart, are separate "occurrences." Therefore, the filing of White's amended complaint does not relate back to the date of the original complaint, and White's claim based on the second accident is barred by the statute of limitations set forth in § 25-5-80, Ala. Code 1975.
Gulf States also argues that the trial court erred by taxing Dr. Bentley's psychotherapy bills as court costs. In its final judgment, the trial court wrote:
"Dr. Jack Bentley is entitled to receive $850.00 for vocational evaluation, MMPI test, and two (2) court appearances on February 5, 1997, and December 30, 1997, and $1050.00 for psychotherapy. The court grants the Plaintiff's motion to tax [costs] of Dr. Bentley's bills as court [costs]."
No evidence in the record indicates that White obtained authorization from Gulf States before consulting Dr. Bentley. Instead, White's attorney referred White to Dr. Bentley. During trial, Dr. Bentley testified:
"Q. Can you tell us how many visits you've had total with Mr. White since November of '95?
"A. He was seen on 12-1-95, 12-6-95 and then again on 12-11 of '96. 12-18 of '96. 1-15 of '97. OneI believe, 29 of '97. 2-17, 3-24, 5-1, 5-14, 6-18, 7-16, 8-27. I've been seeing him about monthly this year, so there have probably been about fifteen, eighteen office visits....
"Q. Okay. Well, the office visits, are those vocationally related or are they more in the nature of counseling him and helping him with his pain management or if they're both, tell me both?
"A. They're more related to counseling and for his coping with the changes in his lifestyle."
Rule 54(d), Ala.R.Civ.P., provides: "Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the *1269 court otherwise directs...." Section § 25-5-77(a), Ala.Code 1975, as it read at the time of the 1989 accident, provided, in part:
"If the employee is dissatisfied with the initial treating physician selected by the employer and if further treatment is required, the employee may so advise the employer, and in such event the employee shall be entitled to select a second physician from a panel or list of four physicians selected by the employer."
This court has consistently construed the language of this statute to mean that the employer is not liable for medical or surgical treatment, or in this case psychotherapy, obtained by the employee without justification or notice to the employer. Alverson v. Fontaine Fifth Wheel Co., 586 So.2d 216, 217 (Ala.Civ.App.1991); Genpak Corp. v. Gibson, 534 So.2d 312, 313 (Ala.Civ.App.1988); Kimberly-Clark Corp. v. Golden, 486 So.2d 435, 437 (Ala.Civ. App.1986); and Allen v. Diversified Products, 453 So.2d 1063, 1065 (Ala.Civ.App. 1984). In some situations an employee may be justified in failing to obtain authorization from his employer before incurring medical expenses, as when (1) the employer has neglected or refused to provide the necessary medical care; (2) where notice of, and a request for, alternative care would be futile; and (3) where other circumstances exist that justify the employee's selection of alternative care. Combustion Engineering, Inc. v. Walley, 541 So.2d 560, 561 (Ala.Civ.App.1989); and Kimberly-Clark Corp. v. Golden, 486 So.2d 435, 437 (Ala.Civ.App.1986).
The record is devoid of any evidence indicating that Gulf States had authorized, or had had notice of, White's psychotherapy sessions with Dr. Bentley or that White was justified in failing to obtain Gulf States' authorization before beginning treatment with Dr. Bentley. Thus, the trial court erred in awarding White $1050 as court costs to pay Dr. Bentley's charges for psychotherapy treatments.
We need not consider the issue whether the trial court erred by failing to apply the offset provisions of § 25-5-57, Ala.Code 1975, to White's 1992 injury, because the statute of limitations bars White's claim for this injury.
The judgment is due to be reversed and the cause remanded with instructions for the court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, J., concurs.
MONROE, J., concurs specially.
ROBERTSON, P.J., concurs in the result with opinion.
YATES, J., concurs in the result.
MONROE, Judge, concurring specially.
I concur with the main opinion that White's claim for workers' compensation benefits for his 1992 injury is barred by the statute of limitations. I write only to say that I believe that on remand, the trial court must determine the extent of disability, if any, White sustained from his 1989 injury, and award benefits accordingly.
ROBERTSON, Presiding Judge, concurring in the result.
I agree that White's 1997 amendment to his 1991 complaint raising his 1992 injury did not "ar[i]se out of the conduct, transaction, or occurrence set forth" in the 1991 complaint. The two-year statute of limitations on White's workers' compensation claim arising from his 1992 injury was tolled until February 15, 1994, the date the last payment of benefits was made. Section 25-5-80, Ala.Code 1975. Had White obtained leave from the trial court to file a supplemental pleading raising his 1992 injury claim within two years of that payment, his amendment would have been both timely and procedurally proper under Rule 15(d), Ala.R.Civ.P., without regard to the "relation back" principles of Rule 15(c). *1270 Since no amendment was allowed within two years of that payment, however, I agree that § 25-5-80 now bars that claim.
NOTES
[1] The record does not contain the actual amended complaint.