YATES, Judge.
These parties have previously been before this court. See Labinal, Inc./Globe Motors v. Alphord, 767 So.2d 362 (Ala.Civ.App.2000) (“Alphord I”), for a detailed factual and procedural history. We will recite only those facts necessary for the disposition of this present appeal.
Michelle Hatcher Alphord sued Labinal, Inc./Globe Motors (“Globe Motors”) on May 2, 1997, seeking to recover workers’ compensation benefits for injuries she sustained to her right hand, wrist, and arm on August 18, 1995, during the course of her employment with Globe Motors. Globe Motors answered the complaint on June 5, 1997. Alphord I.
Alphord moved the court on November 6, 1998, to amend her complaint, alleging that she also had suffered an injury to her left hand, arm, and wrist on August 18, 1995, during the course of her employment with Globe Motors. The court granted Alphord’s motion on November 23, 1998. Globe Motors answered the amended complaint, raising as defenses the statute of limitations and failure to give proper notice of the alleged injury to the left upper extremity. Id.
On January 20, 1999, Globe Motors moved the court for a summary judgment as to the amended complaint, arguing that the claim for the alleged injury to the left upper extremity was barred by the applicable two-year limitations provision of § 25-5-80, Ala.Code 1975. Globe Motors also contended that Alphord was not entitled to receive any compensation benefits for the alleged injury to the left upper extremity, because, it said, she had failed to give proper notice of the injury as required by § 25-5-78, Ala.Code 1975. The court never ruled on Globe Motors’ motion for a summary judgment. Id.
Following an ore tenus proceeding, the court entered a one-page order in favor of Alphord, finding that she had suffered an injury known as “cubital tunnel syndrome” to both her right and left arms during the course of her employment. The order contained no findings of fact or conclusions of law as to the issues of notice and the statute of limitations. Id.
In Alphord I, this court noted that § 25-5-88, Ala.Code 1975, requires that a judgment in a workers’-compensation case contain findings of fact and conclusions of law. This court further noted that although substantial compliance with the statute is sufficient, the trial court has a duty to make a finding on each issue presented to and litigated before the court. Id. Thus, we reversed the judgment and remanded the case for the court to make the appropriate findings of fact and conclusions of law. Id.
On remand, the trial court entered the following amended order:
“This amendment to the Order of the Court dated June 16, 1999, is made in regard to the remand of this case back to the trial Court by the Alabama Court of Civil Appeals regarding findings of fact or conclusions of law in regard to alleged injury to Plaintiffs left arm *1047 which was not complained of until a date beyond the statute of limitations.
“The Court found and finds that the injuries of Plaintiff to her left arm were an aggravation of [and] arose out of the prior injury to her right arm. The Court finds from the medical evidence and the testimony of Plaintiff that the injury to her right arm caused her to accommodate in a manner which eventually brought on the injury to her left arm and that therefore, any injury to her left arm arose out of the original injury and therefore related back to such date for purposes of the statute of limitations.”
The court’s amended order substantially complies with § 25-5-88 as to the issue of .the statute of limitations; however, the court has again failed to make a finding of fact and conclusion of law as to the issue of notice to Globe Motors of the left-arm injury. This issue was presented to and litigated before the court, and the court, therefore, has a duty to make findings of fact and conclusions of law as to that issue. Id. Accordingly, we have no choice but to again reverse the judgment and' remand the case for the court to make a specific finding of fact and conclusion of law as to the issue of notice.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.