YATES, Presiding Judge.
This is the third time these parties have been before this court. For a detailed factual and procedural history see Labinal, Inc./Globe Motors v. Alphord, 767 So.2d 362 (Ala.Civ.App.2000) (“Alphord I ”), and Labinal, Inc./Globe Motors v. Alphord, 784 So.2d 1045 (Ala.Civ.App.2000) (“Alphord II”).
We note the following procedural history of this case outlined in Alphord II:
“Michelle Hatcher Alphord sued Labi-nal, Inc./Globe Motors (‘Globe Motors’) on May 2, 1997, seeking to recover workers’ compensation benefits for injuries she sustained to her right hand, wrist, and qrm on August 18, 1995, during the course of her employment with Globe Motors. Globe Motors answered the complaint on June 5,1997.
“Alphord moved the court on November 6, 1998, to amend her complaint, alleging that she also had suffered an injury to her left hand, arm, and wrist on August 18, 1995, during the course of *107 her employment with Globe Motors. The court granted Alphord’s motion on November 23, 1998. Globe Motors answered the amended complaint, raising as defenses the statute of limitations and failure to give proper notice of the alleged injury to the left upper extremity.
“On January 20, 1999, Globe Motors moved the court for a summary judgment as to the amended complaint, arguing that the claim for the alleged injury to the left upper extremity was barred by the applicable two-year limitations provision of § 25-5-80, Ala.Code 1975. Globe Motors also contended that Alphord was not entitled to receive any compensation benefits for the alleged injury to the left upper extremity, because, it said, she had failed to give proper notice of the injury as required by § 25-5-78, Ala.Code 1975. The court never ruled on Globe Motors’ motion for summary judgment.
“Following an ore tenus proceeding, the court entered a one-page order in favor of Alphord, finding that she had suffered an injury known as ‘cubital tunnel syndrome’ to both her right and left arms during the course of her employment. The order contained no findings of fact or conclusions of law as to the issues of notice and the statute of limitations.
“In Alphord I, this court noted that § 25-5-88, Ala.Code 1975, requires that a judgment in a workers’ compensation case contain findings of fact and conclusions of law. This court further noted that although substantial' compliance with the statute is sufficient, the trial court has a duty to make a finding on each issue presented to and litigated before the court. Thus, we reversed the judgment and remanded the case for the court to make the appropriate findings of fact and conclusions of law.
“On remand, the trial court entered the following amended order:
[[Image here]]
“ ‘The Court found and finds that the injuries of Plaintiff to her left arm were an aggravation of [and] arose out of the prior injury to her right arm. The Court finds from the medical evidence and the testimony of Plaintiff that the injury to her right arm caused her to accommodate in a manner which eventually brought on the injury to her left arm and that therefore, any injury to her left arm arose out of the original injury and therefore related back to such date for purposes of the statute of limitations.’ ”
784 So.2d at 1046-47 (citations omitted). Wé noted in Alphord II that the court’s amended order substantially complied with § 25-5-88 as to the statute-of-limitations issue; however, the court had again failed to make a finding of , fact and conclusion of law as to the issue of notice to Globe Motors of the left-arm injury. We again reversed the judgment of the court and remanded the case for the court to make a specific finding of fact and conclusion of law as to the issue of notice. Alphord II.
On the second remand, the court entered the following order:
“The matter before the Court is the second remand by the Alabama Court of Civil Appeals in regard to findings of law and fact in this case. The Court had previously remanded this cause for findings of fact as to the statute of limitations and notice questions in regard to injury to Plaintiffs left hand. This Court had addressed in the Remand Order its finding as to the statutes of limitations but inadvertently omitted the finding concerning notice.
“The Court finds that when Mrs. Alp-hord sustained the injury on August 18, 1995, such injury initially caused damage *108 to her right hand insofar as she knew or her doctors diagnosed but that later her accommodation of her right arm by using her left arm caused the symptoms and difficulties the subject of her amended complaint.
“The Court finds as a matter of fact that the injuries to Plaintiffs left arm arose from and were part of the original injury which the employer had actual notice of. The Court therefore holds as ' a matter of law that actual notice of the injury sustained on August 18, 1995, would include any subsequent medical conditions arising therefrom including that to both the right and left arms. The Court concludes that the employer thus had notice of the injury to the left arm as of August 18, 1995, such being within the time required by the notice statute.” •
Globe Motors appeals.
This case is governed by the 1992 Workers’ Compensation Act. This Act provides that an appellate court’s review of the standard of proof and its consideration of other legal issues shall be without a preT sumption of correctness. § 25-5-81(e)(1), Ala.Code 1975. It further provides that when an appellate court reviews a trial court’s findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2). Out-supreme court “has defined the term ‘substantial evidence,’ as it is used in § 12-21-12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court has also concluded: “The new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
Globe Motors initially argues that the court’s orders on remand as to the issue of the statute of limitations and notice still fail to satisfy the requirements of § 25-5-88, Ala.Code 1975. As we noted in Alphord I, substantial compliance with § 25-5-88 is sufficient. In Alphord II, this court determined that the court’s finding as to the statute-of-limitations issue substantially complied with § 25-5-88. Thus, we will not reconsider Globe Motors’ argument as to that issue. Further, after reviewing the court’s amended order as to the issue of notice, we conclude that the court’s order as to that issue also substantially complies with § 25-5-88.
Globe Motors next argues that Alphord’s amended complaint alleging injury to her left hand, arm, and wrist is barred by the applicable two-year statute of limitations. “The ‘commencement of [a workers’ compensation] action within the time prescribed by the statute is an indispensable condition to the liability of the [employer] and to- [the worker’s] right to sue.’ ” Gulf States Steel, Inc. v. White, 742 So.2d 1264, 1267 (Ala.Civ.App.1999). Section 25-5-80, Ala.Code 1975, provides a two-year statute of limitations for personal injury resulting from cumulative physical stress. In such cases, the date of the injury is the date of the employee’s last exposure to the injurious job stimulation, for purposes of determining when the two-year statute of limitations begins to run. Smith v. ConAGRA, Inc., 694 So.2d 32 (Ala.Civ.App.1997).
Alphord was employed as a “team operator” at Globe Motors; her duties included “hooking up paveway.” Alphord testified that she suffered an injury to her right-upper-extremity on August 18, 1995, while performing her duties of “hooking up paveway.” After being treated, Alphord *109 was returned to work and was placed on' a different job. She stated that this job was lighter duty than her previous job of “hooking up paveway,” but that she still had to use her right-upper-extremity and that she experienced pain in it. She was next placed in a job soldering and washing “bellows and shafts.” Alphord stated that she experienced discomfort while performing this job; however, she stated that she was able to do the job because she used her left arm more. She never returned to her regular job of “hooking up paveway” after August 18,1995, unless it was to help out occasionally when production fell behind. Alphord I.
Alphord first complained of symptoms in her left-upper-extremity on September 26, 1997. She amended her complaint on November 6, 1998, to allege that she also had suffered an injury to her left-upper-extremity on August 18, 1995, during the course of her employment with Globe Motors. Because Alphord never returned to her regular job of “hooking up paveway” after August 18, 1995, except to help out occasionally, we will treat that date as the date of injury for the purposes of determining when the statute-of-limitations period began to run on her claim.[1] Smith, supra. Thus, Alphord’s amended complaint was filed beyond the two-year statute of limitations provided and is clearly time barred unless it relates back to the date of the filing of the original complaint. See Gulf States Steel, supra.
Section 25-5-88, Ala.Code 1975, provides that after a complaint for workers’ compensation benefits is filed “[the] action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions.” Rule 15(c), Ala. R. Civ. P., provides:
“(c) ... An amendment of a pleading relates back to the date of the original pleading when
[[Image here]]
“(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....”
This court has stated:
“Thus, for an amended complaint,to relate back to the date of the original complaint, the claim , stated in the amended complaint must have arisen from the same conduct, transaction, or occurrence set forth in the original complaint. ‘The relation-back doctrine of Rule 15(c) is objective, and its application, under prescribed circumstances, is nondiscretionary.’
“An amendment to a complaint, filed beyond the statutory limitations period, that alleges facts not alleged in the original complaint or that attempts to state ■a cause of action that was not stated in the original complaint,, is time barred. The Supreme Court of Alabama stated the test for determining whether an amendment states a new cause of action, and thus cannot relate back to the date of the original complaint, as follows:
“ ‘A new cause of action is not set up by amendment where the same substantial facts are pleaded merely in a different form, so that a recovery on either count of the complaint would bar a recovery on the other. As long as the plaintiff adheres to the contract or the injury .originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not an intro *110 duction of a new cause of action. The test is whether the proposed amendment is a different matter, another subject of controversy, or the same matter more fully or differently laid to meet the possible scope of the testimony.’ ”
Gulf States Steel, 742 So.2d at 1267 (citations omitted) (emphasis added).
Alphord alleged in her amended complaint that she suffered an injury to her left-upper-extremity during the course of her employment on August 18, 1995. Dr. Robert Allen' diagnosed Alphord with bilateral ulnar neuropathy at the elbow in both her right and left arms, which he said was secondary to repetitive production-assembly-line work over several years. Dr. Allen stated that nerve injuries that occur from repetitive stress generally develop over a period of time and that Alphord had probably had an onset of ulnar neuropathy in her left arm during the course of her employment with Globe Motors and that it had worsened over time. Dr. Allen further testified that Alphord’s symptoms were more severe in her right arm and that this fact had caused her to rely more upon her left arm, both at work and in her daily activities, causing her to develop similar symptoms in her left arm. Alphord I.
We note that the resolution of conflicting evidence is within- the exclusive province of the trial court and that we must affirm the judgment of the trial court if it is supported by substantial evidence. Ex parte Trinity Indus., supra. Dr. Allen’s testimony indicates that Alphord’s left-upper-extremity problems are related to her employment. These problems eventually manifested themselves as a result of repetitive stress associated with her employment and because she accommodated her right-upper-extremity by overuse of her left-upper-extremity. We conclude that Alphord’s left-upper-extremity problems alleged in her amended complaint of November, 6, 1998, arose from -the same conduct and occurrence as did her right-upper-extremity problems set forth in her original complaint. Therefore, Alphord’s amended complaint relates back to the date of the filing of her original complaint and is not barred by the applicable statute of limitations.
Globe Motors next argues that Alp-hord is barred from receiving workers’ compensation benefits for her left-upper-extremity injury because she failed to give timely notice of that injury to Globe Motors, as required by § 25-5-78, Ala.Code 1975. Section 25-5-78 provides:
“For purposes of this article only, an injured employee or the employee’s representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee’s dependent shall not be entitled to physician’s or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after . the death.”
With respect to the notice requirement of § 25-7-78, this court has stated:
“[W]ritten notice is not required where it is shown that the employer had actual notice of the injury. Oral notice is sufficient to give the employer actual notice. Like written notice, oral notice imparts *111 to the employer the opportunity to investigate and to protect itself against simulated and exaggerated claims. Knowledge on the part of a supervisory or representative agent of the employer that a work-related injury has occurred will generally be imputed to the employer.”
Steele v. General Motors Corp., 705 So.2d 402, 404 (Ala.Civ.App.1997) (citations omitted).
Globe Motors does not dispute that it had proper notice of Alphord’s injury to her right-upper-extremity. Dr. Allen’s testimony indicates that the left-upper-extremity problems are work related and that these problems, eventually manifested themselves because of the repetitive stress associated with her employment, and because she overaccommodated her right-upper-extremity by overusing her left-upper-extremity. When Alphord notified Globe Motors of the injury to her right-upper-extremity, she gave notice of the nature and extent of that injury as far as she knew it to be at the time. See § 25-5-79, Ala.Code 1975. The problems with her left-upper-extremity manifested themselves on September 26, 1997. In her deposition taken on October 26, 1997, Alp-hord, upon questioning by counsel for Globe Motors, indicated that she had recently developed similar symptoms in her left-upper-extremity as a result of her employment with Globe Motors. The trial court concluded from the evidence presented that the injuries to Alphord’s left arm arose from and were a part of her initial injury that Globe Motors had notice of. Keeping in mind the beneficent purposes of the Workers’ Compensation Act, we conclude, based on the facts presented by this case, that Globe Motors had proper notice of Alphord’s left-upper-extremity injury-
Globe Motors next argues that the court erred in finding that Alphord’s left-upper-extremity injuries were related to her employment with Globe Motors. An injury involving a cumulative-physical-stress disorder is compensable only upon a finding, by clear and convincing evidence, that the injury arose out of and in the course of the employee’s employment. § 25-5-81(c), Ala.Code 1975. For an injury to be compensable, it must be “caused by an accident arising out of and in the course of’ the employee’s employment. § 25-5-51, Ala.Code 1975. The. phrase “arising out of’ an employee’s employment requires a causal connection between the injury and the employment. Dunlop Tire & Rubber Co. v. Pettus, 623 So.2d 313 (Ala.Civ.App.1993). The phrase “in the course of the employee’s employment” refers to the time, place, and circumstances under which the accident occurred. Id. To establish causation in a workers’ compensation case where the injury is nonacci-dental, i.e., where the injury was not caused by some sudden and unexpected external event, an employee must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and "(b) medical causation. Ex parte Trinity Indus., Inc., supra. See also City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App. 1975). To prove “legal causation,” one need only establish that “the performance of his or her duties as an employee exposed him or. her to a ‘danger or risk materially in excess’ of that to which people are normally exposed in their everyday lives.” Ex parte Trinity Indus., Inc., 680 So.2d at 267, quoting Howard, 55 Ala.App. at 705, 318 So.2d at 732. To establish medical causation, a claimant “must produce substantial evidence tending to show that the exposure to risk or danger proven in step one of the Howard test ‘was in fact [a] contributing cause of the injury’ for *112 which benefits are sought.” Ex parte Trinity Indus., Inc., 680 So.2d at 269, quoting Howard, 55 Ala.App. at 706, 318 So.2d at 732. The trial court may find medical causation without testimony from medical doctors. Ex parte Price, 555 So.2d 1060 (Ala.1989). The totality of the evidence, including both lay and expert testimony, may satisfy a showing of medical causation. U.S. Steel, A Div. of USX Corp. v. Nelson, 634 So.2d 134 (Ala.Civ. App.1993).
After carefully reviewing the record in this case, we conclude that the trial court’s finding that Alphord’s injuries to her left-upper-extremity were work related is supported by the evidence.
Globe Motors next argues that the court erred in considering evidence of Alphord’s vocational disability. Section 25 — 5—57(a)(3)i., Ala.Code 1975, provides:
“i. Return to Work. If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker’s pre-injury wage, the worker’s permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability.”
Globe Motors contends that Alphord is capable of returning to work and performing the job of labeling and stamping motors. Following her surgery, Alphord returned to work at Globe Motors in August 1997, labeling and stamping motors; however, she worked only three days in this job before leaving it. Alphord testified that the job was repetitive in nature and that she could not perform the job because of pain in her right arm. Globe Motors presented evidence indicating that the job was within Alphord’s restrictions and that she could perform the job. The trial court heard conflicting evidence on whether Alp-hord was able to return to work at Globe Motors labeling and stamping motors. The resolution of conflicting evidence is within the discretion of the trial court. Ex parte Trinity Indus., supra.
After carefully reviewing the record, we cannot say that the trial court erred in concluding that Alphord was unable to return to her employment at Globe Motors and in considering evidence of her vocational disability.
AFFIRMED.
PITTMAN, J., concurs.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.

. We note that following her surgery, Alphord returned to work at Globe Motors in August 1997, labeling and stamping motors. However, she worked only three days before leaving the job because of pain in her right arm. Alphord I.